# UNITED STATES DISTRICT COURT
для the
**Eastern District of Kentucky**
**Frankfort Division**

| | |
|---|---|
| John Martin )<br>    *Plaintiff* )<br>)<br>v. )<br>)<br>CACH, LLC )<br>    *Defendant* )<br>Serve: )<br>    The Corporation Company )<br>    1675 Broadway, Suite 1200 )<br>    Denver, CO 80202 )<br>)<br>Capital One, N.A. )<br>    *Defendant* )<br>Serve: )<br>    Capital One, N.A. )<br>    1680 Capital One Drive )<br>    Mclean, VA 22102 )<br>)<br>Equifax Information Services, LLC )<br>    *Defendant* )<br>Serve: )<br>    CSC-Lawyers Inc. Service Co. )<br>    421 West Main St. )<br>    Frankfort, KY 40601 )<br>)<br>Experian Information Solutions, Inc. )<br>    *Defendant* )<br>Serve: )<br>    C T Corporation System )<br>    306 W Main Street )<br>    Suite 512 )<br>    Frankfort, KY 40601 )<br>)<br>Trans Union, LLC )<br>    *Defendant* )<br>Serve: )<br>    The Prentice Hall Corp. System )<br>    421 West Main Street )<br>    Frankfort, KY 40601 )<br>_____ ) | Case No. |

# **COMPLAINT and DEMAND FOR JURY TRIAL**

### INTRODUCTION

1. This is an action brought by a consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and/or violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which was enacted to promote fairness and accuracy in credit reporting.

2. This action concerns false negative credit information appearing on Plaintiff John Martin's consumer credit report in connection with a credit card issued by Defendant Capital One, N.A. ("Capital One") and branded as a Best Buy credit card. Mr. Martin missed a payment on the Best Buy credit card. As a result, Capital One increased the interest on the account, imposed fees, and increased the amount of the minimum monthly payment. Mr. Martin took issue with Capital One's increase interest, the fees, and the increased minimum payment and disputed same. Capital One treated the account being in default and furnished negative credit information concerning the debt to the Defendant Consumer Reporting Agencies ("CRA"): Equifax Information Services, LLC ("Equifax"); Experian Information Solutions, Inc. ("Experian"); and Trans Union, LLC ("Trans Union").

3. Mr. Martin reached an agreement with Capital One concerning his dispute. Under the terms of the agreement, in April 2013 Mr. Martin paid Capital One $2,805.39 to satisfy the debt in full. Capital One accepted payment. But Capital One failed to note the payment in the credit information that it furnished the Defendant CRA's. Capital One improperly and erroneously charged off and sold Mr. Martin's Best Buy credit card debt to Defendant CACH, LLC or CACH's assignor.

4. After paying off the Best Buy credit card debt, Mr. Martin put the debt out of his mind until he received a dunning letter from a law firm attempting to collect the Best Buy credit card debt on behalf of CACH. Mr. Martin by counsel sent the law firm a debt-validation-and-verification letter under the FDCPA. In response, the law firm sent a letter purportedly verifying the debt.

5. After receiving the dunning letter, Mr. Martin requested, obtained, and reviewed his consumer credit report from Trans Union. Mr. Martin's Trans Union consumer credit report included false credit information furnished by Capital One and CACH in connection with the Best Buy credit card debt.

6. Mr. Martin by counsel disputed the false information with all three Defendant CRA's, which forwarded or should have forwarded notice of the dispute to both CACH and Capital One. As a result of the dispute, all three CRA's updated and/or changed the information furnished by CACH and Capital One. But none of the CRA's correctly updated the information concerning these two debts.

7. These and other acts constitute violations of the FDCPA and/or FCRA.

## JURISDICTION

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; the FDCPA, 15 U.S.C. §1692k(d), and the FCRA, 15 U.S.C. §§ 1681n and 1681o.

## PARTIES

9. Plaintiff John Martin is a natural person who resides in Franklin County, Ky. Mr. Martin is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3); and a "consumer" within the meaning of the FCRA, as defined at 15 U.S.C. § 1692(c).

10. Defendant, CACH, LLC is a third-party debt collector, whose principal office is located at 4340 S. Monaco St., 2nd Floor, Denver, CO 80237.

11. CACH regularly collects or attempt to collects debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

12. Defendant Capital One, N.A. is a national bank with its headquarters located at 1680 Capital One Drive, Mclean, VA 22102.

13. Capital One is a furnisher of information within the meaning of the FCRA.

14. Defendant Equifax Information Services, LLC is a foreign limited liability company, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax has registered to do business with Kentucky Secretary of State. Equifax is a "consumer reporting agency" within the meaning of the FCRA.

15. Defendant Experian Information Solutions, Inc. is a foreign corporation, with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Experian has registered to do business with Kentucky Secretary of State. Experian is a "consumer reporting agency" within the meaning of the FCRA.

16. Defendant Trans Union, LLC is a foreign limited liability company, with its principal place of business located at 555 West Adams, Chicago, IL 60601. Trans Union has registered to do business with Kentucky Secretary of State. Trans Union is a "consumer reporting agency" within the meaning of the FCRA.

## STATEMENT OF FACTS

17. Sometime in 2006, Mr. Martin applied for and received a Best Buy credit card.

18. Mr. Martin's Best Buy credit card was issued by either Defendant Capital One or by HSBC Bank Nevada, N.A. If the latter, Capital One later acquired Mr. Martin's Best Buy credit card account when it acquired HSBC's credit card accounts.

19. Mr. Martin used his Best Buy credit card for personal, family, and/or household purposes, which makes the Best Buy credit card a "debt" within the meaning of the FDCPA.

20. Mr. Martin missed a payment on the Best Buy credit card account, which resulted in penalty fees, increased interest, and a dramatic rise in the minimum payment due.

21. After missing the payment, Mr. Martin took issue with the fees and increase of his minimum payment amount. Further, Mr. Martin was unable to get on a payment schedule that brought him current and stopped the addition of late and other fees.

22. Mr. Martin later reached an agreement with Capital One to settle his debt with Capital One in full.

23. In April 2013, Mr. Martin borrowed money from Springleaf Financial and paid Capital One a total of $2,809.39 to settle his debt on the Best Buy credit card.

24. Capital One accepted the payment but failed to give him credit for the payment.

25. In August 2013, Capital One charged off Mr. Martin's Best Buy credit card account and, upon information and belief, sold the debt to Collect America which then transferred the debt to CACH for collection.

26. On July 3, 2014, Taylor Law, PLLC sent Mr. Martin a dunning letter on behalf of CACH.

27. Taylor Law's July 3rd dunning letter was an attempt to collect the Best Buy credit card debt on behalf of CACH.

28. The July 3rd dunning letter identified HSBC Bank Nevada, N.A. as the original creditor, gave 700109812196**** as the original account number, and claimed $5,424.12 was the current balance due.

29. In response to the July 3rd dunning letter, Mr. Martin through counsel sent Taylor Law a timely debt-validation-and-verification letter under the FDCPA.

30. Taylor Law responded with account statements for the Best Buy credit card that purportedly verified and validated the debt.

31. After receiving Taylor Law's dunning letter, Mr. Martin requested, acquired, and reviewed his consumer credit report from Trans Union on July 31, 2014.

32. Mr. Martin's July 31st Trans Union consumer credit report included false negative credit information furnished by CACH and Capital One in connection with the Best Buy credit card debt.

33. CACH furnished negative information concerning the Best Buy credit card debt for purposes of collecting a "debt" from Mr. Martin within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

34. Mr. Martin by counsel sent dispute letters on August 28, 2014 to all three Defendant CRA's concerning the false information furnished by CACH and Capital One.

35. The August 28th dispute letters included copies of proof of Mr. Martin's payment of the Best Buy credit card debt.

36. Upon information and belief, Equifax, Experian and/or Trans Union notified both CACH and Capital One concerning Mr. Martin's dispute, which triggered CACH's and Capital One's duties under 15 U.S.C. § 1681s-2(b) to re-investigate the Best Buy credit card debt.

37. As a result of Mr. Martin's dispute, Equifax deleted the information furnished by CACH in connection with the Best Buy credit card debt but continued to report the information furnished by Capital One.

38. The information furnished by Capital One to Equifax continues to falsely identify the Best Buy debt as a charged-off account and fails to note that the debt has been paid.

39. As a result of Mr. Martin's dispute, Experian deleted the information furnished by CACH in connection with the Best Buy credit card debt but continued to report the information furnished by Capital One.

40. The information furnished by Capital One to Experian continues to falsely identify the Best Buy debt as a charged-off account and fails to note that the debt has been paid.

41. In response to Mr. Martin's dispute, Trans Union continued to report the false information furnished by CACH and Capital One.

42. The information furnished by CACH to Trans Union continues to falsely identify the Best Buy debt as being in collection with a balance due of $5,424.00.

43. The information furnished by Capital One to Trans Union continues to falsely identify the Best Buy debt as a charged-off account and fails to note that the debt had been paid.

44. Upon information and belief, CACH failed to conduct a reasonable investigation into Mr. Martin's dispute concerning the negative credit information CACH is furnishing to one or more consumer reporting agencies in connection with the Best Buy credit card debt.

45. Upon information and belief, CACH falsely verified the accuracy of its furnished information concerning the Best Buy credit card debt to the Defendant CRA's.

46. Upon information and belief, Capital One failed to conduct a reasonable investigation into Mr. Martin's dispute concerning the negative credit information Capital One is furnishing to one or more consumer reporting agencies in connection with the Best Buy credit card debt.

47. Upon information and belief, Capital One falsely verified the accuracy of its furnished information concerning the Best Buy credit card debt to the Defendant CRA's.

48. Upon information and belief, Equifax, Experian, and/or Trans Union failed to conduct a reasonable investigation of Mr. Martin's dispute concerning the negative credit information furnished by CACH and Capital One in connection with Mr. Martin and the Best Buy credit card debt.

49. As a result of Defendants Equifax and Experian's failure to reinvestigate his dispute, **(i)** the Capital One debt continues to be reported on his consumer credit reports as being a charged-off account that was sold to another entity; and **(ii)** Mr. Martin's consumer credit report does not note that the debt to Capital One was paid and/or satisfied pursuant to the parties' settlement agreement.

50. As a result of Defendant Trans Union's failure to reinvestigate Mr. Martin's dispute, **(i)** the Capital One debt continues to be reported on his consumer credit reports as being a charged-off account that was sold to another entity; **(ii)** Mr. Martin's Trans Union consumer credit report does not note that the debt to Capital One was paid and/or satisfied pursuant to the parties' settlement agreement; and **(iii)** the CACH debt continues to be reported on his consumer credit reports as being a collection account with $5,424.00 still due and owing on the debt.

51. The false information on his consumer credit reports has caused Mr. Martin to be denied credit and to pay higher rates for credit.

## Claims for Relief

### I. Claims against CACH, LLC

52. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

#### A. Violations of the FDCPA

53. The foregoing acts and omissions of CACH constitute violations of the FDCPA, including, but not limited to, multiple violations of 15 U.S.C. §§ 1692e, 1692f, and 1692g and one or more subsections of each statute.

#### B. Violations of the FCRA

54. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

55. The foregoing acts and omissions of CACH, LLC constitute violations of the FCRA, including, but not limited to:

### i. Violation of 15 U.S.C. § 1681n

56. After being informed by one or more consumer reporting agencies that Mr. Martin disputed the accuracy of the information it was providing, CACH willfully failed to conduct a proper investigation of Mr. Martin's dispute filed with Equifax, Experian, and Trans Union that CACH was furnishing negative credit information about a debt that he does not owe and that has in fact been satisfied.

57. CACH willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to CACH in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

58. CACH willfully failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Martin pertaining to the alleged Capital One/Best Buy credit card debt as required by 15 U.S.C. § 1681s-2(b)(C).

59. Mr. Martin has a private right of action to assert claims against CACH arising under 15 U.S.C. § 1681s-2(b).

60. CACH is liable to Mr. Martin for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### ii. Violation of 15 U.S.C. § 1681o

61. After being informed by one or more consumer reporting agencies that Mr. Martin disputed the accuracy of the information it was providing CACH negligently failed to conduct a proper investigation of the Mr. Martin's dispute filed with Equifax, Experian, and Trans Union that CACH was furnishing negative credit information about a debt that he does not owe and that has in fact been satisfied.

62. CACH negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to CACH in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

63. CACH negligently failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Martin pertaining to the alleged Capital One/Best Buy debt as required by 15 U.S.C. § 1681s-2(b)(C).

64. Mr. Martin has a private right of action to assert claims against CACH arising under 15 U.S.C. § 1681s-2(b).

65. CACH is liable to Mr. Martin for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

## II. Claims against Capital One, N.A.: Violations of the FCRA

66. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

67. The foregoing acts and omissions of Capital One constitute violations of the FCRA, including, but not limited to:

### A. Violation of 15 U.S.C. § 1681n

68. After being informed by one or more consumer reporting agencies that Mr. Martin disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper investigation of Mr. Martin's dispute filed with Equifax, Experian, and Trans Union that Capital One was furnishing negative credit information about a debt that he does not owe and that has in fact been satisfied.

69. Capital One willfully failed to review all relevant information purportedly provided by such consumer reporting agencies to Capital One in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

70. Capital One willfully failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Martin pertaining to the alleged Capital One-Best Buy credit card debt as required by 15 U.S.C. § 1681s-2(b)(C).

71. Mr. Martin has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

72. Capital One is liable to Mr. Martin for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, or up to $1,000.00 in statutory damages, whichever is greater, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

### B. Violation of 15 U.S.C. § 1681o

73. After being informed by one or more consumer reporting agencies that Mr. Martin disputed the accuracy of the information it was providing Capital One negligently failed to conduct a proper investigation of the Mr. Martin's dispute filed with Equifax,

Experian, and Trans Union that Capital One was furnishing negative credit information about a debt that he does not owe and that has in fact been satisfied.

74. Capital One negligently failed to review all relevant information purportedly provided by such consumer reporting agencies to Capital One in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

75. Capital One negligently failed to direct such consumer reporting agencies to delete inaccurate information about Mr. Martin pertaining to the alleged Capital One-Best Buy credit debt as required by 15 U.S.C. § 1681s-2(b)(C).

76. Mr. Martin has a private right of action to assert claims against Capital One arising under 15 U.S.C. § 1681s-2(b).

77. Capital One is liable to Mr. Martin for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

### III. Claims against Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC: Violation of the FCRA

#### A. Violation of 15 U.S.C. 1681i(a)

78. The allegations set forth in the paragraphs above are re-alleged and incorporated by reference as if fully set forth herein.

79. Equifax, Experian, and Trans Union failed to properly reinvestigate Mr. Martin's dispute and Equifax, Experian, and Trans Union continued to prepare and publish false consumer reports.

80. Equifax, Experian, and Trans Union failed to use reasonable procedures to reinvestigate Mr. Martin's dispute and, likewise, took inadequate action to correct Mr. Martin's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

81. Equifax, Experian, and Trans Union failed to take necessary and reasonable steps to prevent further inaccuracies from entering Mr. Martin's credit file data and such false data continued to be posted as new consumer credit reports were prepared, issued and disseminated by Equifax, Experian, and Trans Union and relayed for further use, reliance and publication by their subscribers.

82. Equifax, Experian, and Trans Union failed to adopt and follow reasonable procedures to assure the proper reinvestigation, accuracy, deletion and/or suppression of false data appearing on Mr. Martin's consumer reports and as contained in their consumer reporting data bank, as required by the Fair Credit Reporting Act.

83. Equifax, Experian, and Trans Union willfully, or alternatively, negligently, violated the Fair Credit Reporting Act, 15 U.S.C. 1681i(a).

84. As a result of Equifax, Experian, and Trans Union's willful noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Martin is entitled to actual, statutory, and punitive damages, and his reasonable attorney's fees and costs under 15 U.S.C. § 1681n(a).

85. As a result of Equifax, Experian, and Trans Union's negligent noncompliance with the requirements of 15 U.S.C. § 1681e(b), Mr. Martin is entitled to actual damages and his reasonable attorney's fees and costs under 15 U.S.C. § 1681o(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff John Martin requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages against all Defendants;

3. Award Plaintiff punitive damages against Equifax, Experian, and Trans Union;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and

5. Such other relief as may be just and proper.

Respectfully Submitted,

_____
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue
Suite #4
Louisville, KY 40207
(502) 473-6525
Email: james@kyconsumerlaw.com